UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Eric Terry, individually and
on behalf of all others similarly situated,
and the proposed Ohio Rule 23 Class,

    Plaintiffs,

v.

PayCor, Inc.,

    Defendant.

Case No.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Eric Terry, individually and on behalf of the proposed Fair Labor Standards Act Collective and Ohio Rule 23 Class, by and through his attorneys, Nichols Kaster, PLLP, and Wagner Legal P.C., brings this action against PayCor, Inc. ("Defendant" or "PayCor") for damages and other relief for Defendant's violations of the FLSA, 29 U.S.C. § 201, *et seq*. and the Ohio Minimum Fair Wage Standards Act, ORC § 4111.01, *et seq*. Plaintiff states the following as his claims against Defendant:

**PRELIMINARY STATEMENT**

1. This case is about Defendant's unlawful failure to pay its employees for all of their hours worked, including overtime hours, in violation of the FLSA and the OMFWSA.

2. As detailed below, Defendant employed implementation consultants, associate implementation consultants, and others in similar positions (collectively, "ICs"), paid them on a salary basis, and classified them as exempt, and did not pay them for all of the hours they worked, including their overtime hours.

1

3. As a result of Defendant's intentional and illegal pay practice, ICs were deprived of their overtime compensation for their overtime hours worked, in violation of Ohio state law and federal law.

4. Plaintiff Terry brings this proposed FLSA collective and Ohio Rule 23 class action against Defendant on behalf of all individuals who worked as ICs for Defendant at any time since three years prior to the filing of this Complaint through the present.

**PARTIES**

5. Plaintiff Eric Terry is an adult resident of Cincinnati, Ohio.

6. Plaintiff Terry worked for Defendant as an implementation consultant from approximately March 2020 to January 2022.

7. Defendant PayCor is a domestic corporation with its principal place of business in Cincinnati, Ohio.

8. According to online resources, PayCor creates Human Capital Management software. Specifically, it provides an online platform which includes payroll management, human resources, timekeeping, tax filing and compliance, applicant tracking, onboarding, and other solutions to businesses of all sizes.

9. PayCor employed ICs in its office in Cincinnati, Ohio, and other cities throughout the United States, until approximately March of 2020. After the onset of the COVID-19 pandemic, implementation consultants, including Plaintiff, worked remotely from their homes.

10. At all relevant times, Defendant's gross annual sales made or business done has been $500,000.00 or greater per year.

**JURISDICTION AND VENUE**

11. This action arises under the FLSA, 29 U.S.C. § 201, *et seq*. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

12. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

13. Venue is proper in the United States District Court, Southern District of Ohio, pursuant to 28 U.S.C. § 1391, because Defendant resides in this district and because the events giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

14. Plaintiff Terry, the proposed FLSA Collective, and members of the proposed Ohio Rule 23 Class worked or work for Defendant as ICs within the past three years.

15. As an IC, Plaintiff Terry's job was to act as the primary contact through Defendant's clients' implementation process. Specifically, ICs assist Defendant's clients through the on-boarding, set-up, and data extraction/conversion process. In addition, ICs provide basic training/an overview of Defendant's products and applications after the roll-out (i.e., "going live") is complete.

16. Defendant employed ICs in multiple divisions. The divisions, based on the products Defendants offered to its clients, included but were not limited to payroll, (which Plaintiff was assigned to), timekeeping, and human resources. Regardless of their specific job title or division they worked in, ICs had similar job duties and responsibilities.

17. Defendant classified its ICs as exempt employees and paid them on a salary basis.

18. Defendant required Plaintiff and other ICs to complete their projects/assignments within specific timeframes, often with a high volume of clients, which required ICs to work overtime hours to do so. Other common policies or practices caused Plaintiff and other ICs to work overtime hours; for example, certain types of work had to be completed after-hours.

19. Plaintiff Terry, the FLSA Collective, and members of the proposed Ohio Rule 23 Class worked unpaid overtime hours.

20. Defendant failed to maintain accurate records of the hours Plaintiff and the other ICs worked.

21. Defendant's pattern and practice of not paying ICs for their overtime hours was willful.

22. Defendant was aware that Plaintiff and the other ICs worked unpaid overtime. Specifically, in approximately the summer of 2021, Plaintiff had conversations with his supervisor regarding the long hours he was working in order to keep up with the volume of clients and number of projects he was assigned. Plaintiff explained that he believed the timelines were unrealistic and that he could not complete all of his work without working overtime. In response, Plaintiff's supervisor generally dismissed Plaintiff's complaints, indicating he and other ICs were required to work as many hours as necessary to complete all of their work because they were classified as salaried employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff Terry re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

24. Plaintiff Terry brings Count I below individually and on behalf of all individuals similarly situated, specifically:

All persons who worked as implementation consultants, associate implementation consultants, or in similar positions for Defendant at any time since three years prior to the filing of this Complaint through the present (the proposed "FLSA Collective").

25. Plaintiff Terry and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201, *et seq.*, and have caused significant damage to Plaintiff and the FLSA Collective.

26. Plaintiff Terry's written consent form is attached as Exhibit A. Two additional ICs have also signed consent forms to opt-in to this action, which are attached as Exhibit B. As this case progresses, it is likely that other individuals will also sign consent forms and join as "opt-in" plaintiffs.

27. During the applicable statutory period, Plaintiff Terry and the other similarly situated ICs routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation.

28. For example, during the workweek ending January 15, 2020, Plaintiff Terry estimates that he worked approximately fifty (50) hours and was not paid overtime compensation for his overtime hours.

29. Defendant is liable under the FLSA for failing to properly compensate Plaintiff Terry and others similarly situated, and, as such, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former ICs of Defendant who have suffered from Defendant's practice of denying overtime pay, and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant, and are readily identifiable through Defendant's records.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

30. Plaintiff Terry re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

31. Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiff brings Count II individually and on behalf of the following:

> All persons who worked as implementation consultants, associate implementation consultants, or in similar positions for Defendant in Ohio at any time since three years prior to the filing of this Complaint through the present (the proposed "Ohio Rule 23 Class").

32. The persons in the Ohio Rule 23 Class are so numerous that joinder of all members of the proposed Ohio Rule 23 Class is impracticable. While the precise number of class members has not been determined at this time, upon information and belief, Defendant has employed in excess of one hundred (100) ICs during the applicable statute of limitations period. Plaintiff and the proposed Ohio Rule 23 Class have been equally affected by Defendant's violations of law.

33. There are questions of law and fact common to the proposed Ohio Rule 23 Class that predominate over any questions solely affecting individual members of the proposed Ohio Rule 23 Class, including but not limited to the following:

   a. Whether Defendant violated Ohio law by failing to pay current and former ICs overtime premiums for all hours over 40 per week;
   b. The proper measure and calculation of damages; and
   c. Whether Defendant's actions were willful or in good faith.

34. Plaintiff Terry's claims are typical of those of the members of the Ohio Rule 23 Class. Plaintiff Terry, like the other members of the proposed Ohio Rule 23 Class, were subject to Defendant's practices and policies described in this Complaint.

35. Plaintiff Terry will fairly and adequately protect the interests of the proposed Ohio Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective

action litigation.

36. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

37. Plaintiff Terry intends to send notice to all members of the proposed Ohio Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## CAUSES OF ACTION

### COUNT I—VIOLATION OF THE FLSA
*On Behalf of Plaintiff and the FLSA Collective*

38. Plaintiff Terry, individually, and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

39. The FLSA, 29 U.S.C. § 207, requires employers to pay their employees for hours worked in excess of forty (40) in an individual work week at a rate no less than one and one-half times their regular hourly rate of pay.

40. At all relevant times, Plaintiff Terry and others similarly situated were employees within the meaning of 29 U.S.C. § 203(e)(1).

41. At all relevant times, Defendant has been an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

42. Plaintiff Terry and the FLSA Collective, at times, worked more than forty (40) hours per week for Defendant and were not compensated for their overtime hours worked.

43. By failing to pay proper overtime, Defendant violated the FLSA.

44. The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

45. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff Terry and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff Terry and the FLSA Collective are entitled to damages, liquidated damages, attorneys' fees, and costs incurred in connection with this claim.

**COUNT II – VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT FOR UNPAID OVERTIME COMPENSATION**
*(On Behalf of Plaintiff and the Proposed Ohio Rule 23 Class)*

46. Plaintiff, individually and on behalf of the proposed Ohio Rule 23 Class, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

47. Plaintiff and the proposed Ohio Rule 23 Class were or are employees of Defendant within the meaning of the Ohio Rev. Code § 4111.03(D)(2).

48. Defendant was Plaintiff's and the Ohio Rule 23 Class's employer within the meaning of the Ohio Rev. Code § 4111.03(D)(2).

49. Ohio law requires employers to pay their employees for hours worked in excess of 40 in an individual work week at a rate no less than 1.5 times their regular hourly rate of pay. Ohio Rev. Code § 4111.03(A).

50. When Defendant denied Plaintiff and the putative Ohio Rule 23 Class overtime wages, it violated Ohio Rev. Code § 4111.03(A).

51. The foregoing conduct constitutes a willful violation of the OMFSWA.

52. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the proposed Ohio Rule 23 Class have suffered damages in an amount to be determined at trial.

53. Plaintiff Terry and the proposed Ohio Rule 23 Class seek damages in the amount of their unpaid overtime wages for all hours worked in excess of forty (40) hours per workweek, liquidated damages pursuant to Ohio Rev. Code § 4113.15(A), reasonable attorneys' fees and costs for this action pursuant to Ohio Rev. Code § 4111.10, pre- and post-judgment interest, and such other legal and equitable relief as the Court deems proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Terry, individually and on behalf of the proposed FLSA Collective, prays for relief as follows:

a. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b. Judgment against Defendant for an amount equal to Plaintiff's and the similarly situated employees' unpaid back wages at the applicable overtime rates;

c. A finding that Defendant's violations of the FLSA are willful;

d. An amount equal to Plaintiff's and those similarly situated employees' damages as liquidated damages;

e. All costs and attorneys' fees incurred prosecuting this claim;

f. An award of any pre- and post-judgment interest;

g. Leave to add additional plaintiffs or other claims including state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

h. All further relief as the Court deems just and equitable.

**WHEREFORE**, Plaintiff Terry as a class representative, individually and on behalf of the proposed Ohio Rule 23 Class, prays for relief as follows:

9

a) Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Ohio Rule 23 Class, and the appointment of Plaintiff Terry as a class representative and his counsel as class counsel;

b) Judgment against Defendant for an amount equal to Plaintiff Terry's and the proposed Ohio Rule 23 Class' unpaid wages including overtime wages;

c) For judgment that Defendant's conduct as described herein be determined and adjudicated to be in violation of overtime provisions of the Ohio Minimum Fair Wage Standards Act;

d) For judgment that Defendant's conduct as described herein be determined and ajdudicated to be in violation of the Ohio Minimum Fair Wage Standards Act;

e) A finding that Defendant's violations of the Ohio Minimum Fair Wage Standards Act were willful;

f) All costs and attorneys' fees incurred prosecuting this claim;

g) An award of any pre- and post-judgment interest;

h) Any applicable liquidated damages; and

i) All further relief as the Court deems just and equitable.

Dated: July 19, 2022  **TRIAL ATTORNEY**

/s Lindsey Wagner
Lindsey Wagner, OH Bar No. 98215
WAGNER LEGAL, P.C.

California Address:
3727 W. Magnolia Ave.
#1065
Burbank, CA 91505

Ohio Address:
6605 Longshore St.
Ste. 240 #340
Dublin, OH 43017
Telephone: (213) 584-2050
lindsey@wagnerlegalpc.com

Rachhana T. Srey, MN Bar No. 340133*
NICHOLS KASTER, PLLP
4700 IDS Center, 80 South 8th Street
Minneapolis, MN 55402

Telephone: (612) 256-3200
Fax: (612) 215-6870
srey@nka.com

Daniel S. Brome, CA State Bar No. 278915*
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA  94104
Telephone: (415) 277-7235
Fax: (415) 277-7238
dbrome@nka.com

ATTORNEYS FOR PLAINTIFF AND OTHERS SIMILARLY SITUATED


*pro hac vice motion forthcoming